T. DONALD HEALY, T. DONALD HEALY and ANNE W. MURPHY, Co-Executors under the will of Thomas M. Healy, T. DONALD HEALY, JR., and DONNA ANNE HEALY, minors, by KATHERINE S. HEALY, their guardian ad litem,
Plaintiffs below, Appellants,

*vs.*

OGDEN A. GEILFUSS, J. O. SHUFORD, GUY BABST, JESSE DRAPER, A. F. IRBY, JR., GRANGER HANSELL, B. EARLE YANCEY, SR., and TRACY C. WELTMER, and OGDEN A. GEILFUSS, M. R. CLARY and GRANGER HANSELL, as Trustees under a Voting Trust Agreement executed February 23, 1956, known as the COLUMBIA BAKING COMPANY VOTING TRUST AGREEMENT, and PHOENIX, INC., a Georgia corporation, and COLUMBIA BAKING COMPANY, a Delaware corporation,
Defendants below, Appellees.

*Supreme Court, On Appeal, May 29, 1959.*

*George T. Coulson,* of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellants.

*Arthur G. Logan* and *Vincent A. Theisen,* of Logan, Marvel, Boggs & Theisen, Wilmington, for appellees.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

SOUTHERLAND, Chief Justice: This is a minority stockholders' suit on behalf of Columbia Baking Company against certain of its directors and others. The suit attacks the validity of a purchase with Columbia's funds from its former president of a substantial block of Columbia's common stock. Plaintiffs charge (1) that the purchase constituted an illegal use of corporate funds by certain of the directors for the purpose of acquiring control of the corporation; (2) that the creation of a voting trust in respect of the stock and the sale of the voting trust certificates to Columbia was illegal; and (3) that the price paid for the stock was excessive.

In the court below plaintiffs moved for summary judgment. They urged that defendants' liability on the first two grounds above referred to was established as a matter of law. The Vice Chancellor denied the motion, and plaintiffs appeal. They seek to raise here the same two questions raised below.

We do not reach the merits, because we are of opinion that the Vice Chancellor did not resolve against plaintiffs either of those questions. His opinion is reported in 146 *A.2d* at *pages* 5-11. After stating the facts, the Vice Chancellor set forth in detail the numerous contentions of the parties. He then indicated that if plaintiffs had made timely application for injunctive relief, there would have been squarely presented for determination questions of "voting rights and corporate control as they relate to the merits of this derivative action", but no such relief had been sought, and in the meantime other events had occurred. In effect he held that those questions did not then require determination. He concluded:

"Plaintiffs are, of course, entitled to go to trial on the issue of the individual defendants' accountability for the manner in which corporate funds were expended and to recover from Phoenix any moneys improperly paid to that corporation. At such trial it may perhaps be established that the transaction complained of is permeated with fraud or otherwise not subject to ratification but the relief now sought by plaintiffs may not be granted summarily on the present record. Plaintiffs' motion for interlocutory summary judgment which has been presented on the theory that there is no substantial controversy as to the alleged right to rescission is denied."

It is quite clear to us that the Vice Chancellor held that he could not decide on a motion for summary judgment either of the questions presented to him, and that a full hearing on the facts must be had. It is true that one or two comments interspersed in the Vice Chancellor's statement of the facts and contentions might, standing alone, be taken as expressions of view upon the merits of some aspects of the case; but they do not, in our opinion, amount to a determination of either of the disputed issues. The concluding portion of the opinion makes it clear that neither of these questions has been resolved.

Plaintiffs are free to go to final hearing and urge again all the points already made, and defendants are similarly free.

We expressly refrain from expressing any opinion upon the merits.

Since in this case the order denying the motion for summary judgment determined no substantial rights, it was not appealable. *Goldhar v. Rosenfeld,* 38 *Del.Ch.* 233, 149 *A.2d* 753, and cases cited.

The appeal is dismissed.